IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I, | § § § § § § § | No. 5:22-CV-01371-DAE |
| *Plaintiff*, | § § | |
| vs. | § § | |
| ANDREA YVONNE AYCOCK, | § § § | |
| *Defendant*. | § § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND GRANTING MOTION FOR
DEFAULT JUDGMENT

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 27) submitted by United States Magistrate Judge Richard B. Farrer. After reviewing the Report, the Court **ADOPTS** Judge Farrer's recommendations and **GRANTS** Plaintiff Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust I, ("Plaintiff") Motion for Default Judgment. (Dkt. # 25.)

Plaintiff filed its Motion for Default Judgment on September 27, 2023 against Defendant Andrea Yvonne Aycock ("Defendant"). (Dkt. # 25.) The

Motion was referred to Judge Farrer by text order on September 28, 2023. Judge Farrer issued his Report and Recommendation on August 6, 2024. (Dkt. # 27.) The certified mail receipt of the Report and Recommendation was filed on August 9, 2024 (Dkt. # 28) and August 19, 2024. (Dkt. # 29.)

The facts preceding this Order are laid out in Judge Farrer's Report. (See Dkt. # 27.) In his Report, Judge Farrer notes that Defendant was properly served in this case, failed to appear or respond, and that the clerk properly entered default. (Id. at 3–4.) Judge Farrer then found that Plaintiff sufficiently pleaded its foreclosure claim and is therefore entitled to default judgment. Specifically, Judge Farrer found that Plaintiff sufficiently meets the four requirements to foreclose a property under Texas Property Code § 51.002. Plaintiff sufficiently provided: (1) a debit exists, as evidenced by the deed of trust; (2) the debt was secured by a lien under Art. 16, § 50(a)(6) of the Texas Constitution; (3) Defendant was in default by her failure to pay on the note from December 1, 2020, to present; and (4) Plaintiff sent Defendant notice of default and acceleration on July 14, 2022 and notice of its intent to foreclose on August 17, 2022. (Id. at 9–10.)

Further, Judge Farrer found that Plaintiff's pleadings and supporting documentation establish Defendant is a mortgagee and Plaintiff is a mortgagor as defined under Texas Property Code § 51.001(4). (Id. at 8–9.) Judge Farrer also found Plaintiff has met the requirement for recovery of fees and court costs as

stipulated in the security instrument. (Id. at 10–11.) Judge Farrer notes Plaintiff should follow the requirement of Local Rule CV-54 to request recovery of its fees and costs. (Id. at 11.) This Court does not order a different procedure.

Objections to the Report were due within 14 days after being served with a copy. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the Magistrate Judge's conclusions that default judgment should be entered is neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 27) as the opinion of the Court and **GRANTS** Plaintiff's Motion for Default Judgment. (Dkt. # 25.)

**IT IS SO ORDERED.**

DATE: San Antonio, Texas, September 9, 2024.

_____
David Alan Ezra
Senior United States District Judge